of his gross deceit in dealing with the plaintiffs. Findings settled; the attorney for defendant Donovan will make an engrossed copy of all the findings made, and present it for signature within three days, and on giving two days' notice of settlement of decree to the plaintiffs' attorneys.

---

### LESSER v. KELLER.

(Supreme Court, Special Term, Kings County.   May, 1894.)

EXECUTORS AND ADMINISTRATORS—ACTIONS—PLEADING.

> In an action against an administrator for money loaned decedent, the answer does not state a defense where it alleges that plaintiff did not present his claim within the time limited by the notice to creditors, and that the payment of the claim was not unreasonably resisted or neglected, but does, not allege a distribution of the assets of the estate.

Action by Maximus A. Lesser against Ida Keller, as administratrix of Raphael Keller, deceased, to recover a sum of money alleged to have been loaned by plaintiff to defendant's intestate shortly before the latter's demise, in December, 1889, with the costs. of suit. Plaintiff demurs to part of the answer. Sustained.

The answer, after denying any knowledge or information sufficient to form a belief concerning the allegations of the complaint, continues as follows: "Further answering, and for a defense, this defendant alleges that subsequent to the appointment and qualification of this defendant as administratrix of the estate and effects of Raphael Keller, deceased, and on the 2d day of October, 1891, an order was duly made by the surrogate of the county of New York, pursuant to statute in such case made and provided, directing this defendant, as such administratrix, to publish a notice requiring creditors to present their claims to her at the office of Blumenstiel & Hirsch, No. 320 Broadway, New York City, on or before the 15th day of April, 1892, and further directing that such notice should be published once in each week for six months in the New York Law Journal and Uptown Press; that such notice was duly published in the New York Law Journal and in the Uptown Press, as required by said order; and this defendant alleges that no demand or claim was presented to her by the plaintiff within the time limited by such notice so published; and that payment of said claim was not unreasonably resisted. or neglected; and that this defendant did not refuse to refer the claim of this plaintiff as prescribed by law." To this alleged "further defense," plaintiff demurs, on the ground that it is insufficient in law upon the face thereof.

#### M. A. Lesser, in pro. per.

A prayer for relief, or a part thereof, is not subject to traverse in pleading. In any event, it would be available and could be expressly pleaded as a "partial" defense only (under section 508 of the Code), and, being not so pleaded, it must be construed as an entire defense (under section 507). As such, it is wholly untenable. Cf. last clause of section 2718, as amended 1893; also section 1824 of the Code. Finally, it is frivolous in failing to allege any distribution of assets, whence non constat that defendant was prejudiced by plaintiff's failure to file proof of claim, etc.

#### Blumenstiel & Hirsch, for defendant.

Respondent contends that the part of the answer demurred to is valid as a good defense or, at all events, a proper and necessary defense (by virtue of section 1836 of the Code), to obviate costs being awarded against the defendant administratrix, as prayed for in the complaint.

· GAYNOR, J. The facts pleaded in subdivision as a defense are not a defense. I reluctantly sustain the demurrer. At the same time the tendency to loose and unscientific pleading is leading to bad results, and ought to be checked.

BARNES v. WHEATON.

(Supreme Court, General Term, Fourth Department. July, 1894.)

FOREIGN CORPORATIONS—LIABILITY OF STOCKHOLDERS—ENFORCEMENT.

· Rev. St. Ohio, §§ 3250, 3252, provide that stockholders shall be liable for debts of the corporation in an amount equal and in addition to the stock owned by them, and that "a stockholder or creditor may enforce such liability by action jointly against all the holders or owners of stock, which action shall be for the benefit of all the creditors." *Held*, that an action to enforce such liability of the stockholders of an Ohio corporation can be maintained only in the courts of that state.

Appeal from special term, Onondaga county.

Action by Norman A. Barnes against Gerrit S. Wheaton. The complaint was dismissed, and plaintiff appeals. Affirmed.

The allegations of the amended complaint herein are, in substance, that the Bellevue Banking Company was duly organized under the laws of the state of Ohio, as a joint-stock banking company, on or about September 23, 1876; that its last principal place of business and its office were located in Bellevue, Huron county, Ohio; that prior to September 30, 1887, it was doing a general banking business; that section 3 of article 13 of the constitution of Ohio provides, "Dues from corporations shall be secured, by such individual liability of the stockholders, and other means, as may be prescribed by law; but, in all cases, each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock;" that section 3258 of the Revised Statutes of Ohio (Giauque's Ed. 1890) provides, "The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation, to secure the payment of the debts and liabilities of the corporation;" that section 3260 of said statutes provides, "A stockholder or creditor may enforce such liability by action jointly against all the holders or owners of stock, which action shall be for the benefit of all the creditors of the corporation and against all persons liable as stockholders, and in such action there shall be found and determined the amount payable by each person liable as stockholder on all the indebtedness of the corporation, in which adjudication no costs shall be taxed to, nor collected of any stockholder to an amount which together with the amount to be paid on said indebtedness will exceed the amount of the stock on which he is liable." It was further alleged that this action was brought by the plaintiff, as a creditor of such corporation, pursuant to the statutes hereinbefore referred to, for the benefit of himself and all the creditors of said corporation, to ascertain the pro rata share of the indebtedness of said corporation to which the defendant is severally liable, and to recover judgment against him for the amount of said liability; that prior to the 30th day of September, 1887, the plaintiff was a bona fide creditor of said corporation to the amount of $1,223.02; that on the last-mentioned date the company, being insolvent, made an assignment for the benefit of its creditors to Thomas C. Wood, since which time said corporation has had no property upon which an execution could have been levied, and an action at law would have been useless, and that said company is now, and has been since September 30, 1887, hopelessly insolvent; that on or about October 15, 1887, the plaintiff duly presented his claim, properly verified, to the assignee, for allowance; that it was allowed, and such allowance duly approved by the probate court of